UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KIMBERLY T. GRIFFIN                                CIVIL ACTION NO. 17-cv-0010

VERSUS                                             JUDGE HICKS

WILLIAM O. MALLARD                                 MAGISTRATE JUDGE HORNSBY

**ORDER**

Kimberly Griffin filed this civil action in state court against four defendants, who removed the case based on an assertion of diversity jurisdiction. The burden is on the removing defendants to set forth sufficient facts to establish complete diversity of citizenship.

The court issued an order (Doc. 4) that described the allegations of citizenship that were set forth in the notice of removal and directed that additional information be provided with respect to the citizenship of some parties. Defendants responded with an amended notice of removal (Doc. 12) that addressed all of the issues set forth in the order. Diversity was established except with respect to defendant RPAC Racing, LLC. Defendants represent that its members include PH Subsidiary Investments, LLC, which has two members that are themselves LLCs. One of those entities represents that it is bound by a confidentiality agreement not to reveal certain information about its members.

The attorneys for the removing defendants, in an effort to satisfy their burden of establishing subject-matter jurisdiction while honoring the confidentiality agreement,

submitted membership/citizenship information to the court for in camera review. The court has reviewed the information and notes that the members include a number of additional LLCs, limited partnerships, corporations, retirement plans, and trusts.

It is a difficult burden, but the law requires nonetheless that the citizenship of those entities be set forth in detail, down to the various layers of members. Alphonse v. Arch Bay Holdings, LLC, 618 Fed. Appx. 765, 768 (5th Cir. 2015). The courts have required specific facts on such matters even when there were thousands of publicly traded interests involved. See Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) and Masion v. Liberty Mutual Insurance Co., 2006 WL 1675378 (W.D. La. 2006).

Counsel for the removing parties have been advised by the court of this requirement and elected not to proceed further in an effort at what might be an all but impossible and expensive task of satisfying the requirements for complete diversity in this unique case. The removing defendants are unable to meet their burden of establishing subject-matter jurisdiction under these circumstances, so this case is hereby remanded to the 26th Judicial District Court, Bossier Parish, Louisiana, where it was pending as Case No. 151442-B. The parties should file with the state court, within 30 days of this order, a copy of any answers or other pleadings that they may have filed with this court and that they wish to be included in the state court proceeding.[1]

---

[1] The in camera submission has been shredded at the request of counsel.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of March, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge